UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEE FRANCOIS,<br><br>        Petitioner,<br><br>   v.<br><br>JOSEPH M. ARPAIO,<br><br>        Respondent. | Case No. SACV 11-1089-AG (OP)<br><br>MEMORANDUM AND ORDER RE: SUMMARY DISMISSAL OF HABEAS CORPUS PETITION BASED ON YOUNGER ABSTENTION DOCTRINE |

## I.
## **PROCEEDINGS**

On July 21, 2011, Kevin Lee Francois ("Petitioner"), filed the current Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to dismissal without

1

prejudice based on the Younger[1] Abstention Doctrine.

## II.

## **PROCEDURAL HISTORY**

On January 5, 2010, Petitioner was arrested by Officers Marie Gamble and Troy Zeeman of the Newport Beach Police Department ("NBPD"). He was later charged in the Orange County Superior Court, case number 10HF0250, with attempted first degree burglary (Cal. Penal Code §§ 664(a), 459, 460(a)), resisting an executive officer (Cal. Penal Code § 69), and making criminal threats (Cal. Penal Code § 422). On January 24, 2011, after several court proceedings, the charges against Petitioner were dismissed. (Pet. at 2-6; Records of Orange County Superior Courts.[2])

Since Petitioner's case was dismissed, he did not file an appeal in the California Court of Appeal, did not file a petition for review in the California Supreme Court, and has not sought habeas relief in the state supreme court. (Pet. at 2-6; Official Records of California Courts.[3])

---

[1] Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

[2] An independent review of the website for the Orange County Superior Court confirms the aforementioned information. The Court takes judicial notice of the superior court records for Petitioner's case which are available on the Internet at http://ocapps.occourts.org. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[3] An independent review of the California Courts' website does not reveal the filing of any petitions for review or habeas corpus petitions in the California Supreme Court that correspond with Petitioner's name and case number. The Court takes judicial notice of the state appellate court records which are available on the Internet at http://appellatecases. courtinfo.ca.gov. See Smith, 297 F.3d at 815.

Petitioner is currently incarcerated in the Fourth Avenue County Jail in Phoenix, Arizona, charges pending in the Maricopa County Superior Court, case numbers CR2010-006046 and CR2010-006261.[4] (Records of Maricopa County Superior Courts.) Prior to the filing of the current Petition, Petitioner filed a § 2254 petition in the United States District Court for the District of Arizona, case number CV 11-0717-PHX-GMS (MHB) ("Arizona petition"). In the Arizona petition, Petitioner alleged three claims for relief: (1) the NBPD officers violated his Fourth Amendment rights by manufacturing and falsifying the police report of his arrest; (2) the NBPD officers violated his Sixth Amendment rights by obstructing and coercing a witness to falsely testify against Petitioner at his preliminary hearing in relation to the Orange County Superior Court case; and (3) but for Petitioner's illegal arrest by the NBPD officers during which his DNA was obtained as part of NBPD's booking procedures, his DNA would not have been obtained, and he would not have been charged in the Arizona cases. Petitioner sought to have the DNA evidence suppressed. (CV 11-0717-PHX-GMS (MHB), ECF No. 6.) On May 17, 1011, an Order and Judgment were entered dismissing the Arizona petition without prejudice based on the Younger Abstention Doctrine, which prevents a federal court in most circumstances from directly interceding in ongoing state criminal proceedings. (Id., ECF Nos. 6, 7.)

In the current Petition, Petitioner similarly alleges violations of Fourth, Fifth, and Sixth Amendments to the United States Constitution. Specifically, he alleges he was illegally arrested by Officer Zeeman in violation of the Fourth Amendment, that Officer Zeeman perjured himself during Petitioner's criminal

---

[4] An independent review of the website for the Maricopa County Superior Court confirms the aforementioned information. The Court takes judicial notice of the superior court records for Petitioner's case which are available on the Internet at http://www.superiorcourt.maricopa.gov. See Smith, 297 F.3d at 815.

proceedings in violation of the Fifth Amendment, and that Officer Zeeman coerced and obstructed a witness by fabricating evidence in violation of the Sixth Amendment. (Pet. at 5-6, Attach. at unnumbered 1, 2.) Petitioner seeks to preserve all evidence related to his dismissed Orange County case, seeks federal intervention in interviewing all witnesses in that case, and seeks the exclusion of all evidence obtained in that case in his present trial in Arizona and all future trials. (Id. Attach. at unnumbered 3-5.)

## III.

## DISCUSSION

A. **Dismissal of the Petition Is Warranted Based on the Younger Abstention Doctrine.**

Title 28 U.S.C. § 2241(c)(3) empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. Petitioner brings the current Petition under § 2254. (Pet. at 1.) However, § 2254 applies to postconviction petitions for relief, in that it applies to persons "in custody pursuant to a state court judgment." 28 U.S.C. § 2254; White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2005). By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment-for example, "a defendant in pre-trial detention or awaiting extradition." White, 370 F.3d at 1006; see also Stow v. Murashige, 389 F.3d 880, 885-88 (9th Cir. 2004). Thus, the Court construes the current Petition as seeking relief under § 2241(c)(3).

The doctrine of abstention precludes a federal court from deciding a case, when it would potentially intrude upon the powers of another court. In Younger, the Supreme Court held that a federal court, with valid subject-matter jurisdiction, was prohibited from enjoining a state criminal proceeding without a valid showing

4

of "extraordinary circumstances" that warrant federal intervention. Younger, 401 U.S. at 43-54; Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (Younger abstention applies to actions for damages); see also Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992).

Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); Dubinka v. Judges of Super. Ct. of the State of Cal., Cnty. of L.A., 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Super. Ct., Santa Clara County, 883 F.2d 810, 813 (9th Cir. 1989). The Younger rationale applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-611, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending).

The cost, anxiety, and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention. Younger, 401 U.S. at 43-45; Dubinka, 23 F.3d at 225-226. Moreover, federal injunctive relief should not be used to test the validity of an arrest or the admissibility of evidence in a state criminal proceeding. Perez v. Ledesma, 401 U.S. 82, 83-85, 91 S. Ct. 674, 27 L. Ed. 2d 701 (1971). Under the Younger Abstention Doctrine, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986).

Younger abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions.[5] Middlesex Cnty. Ethics Comm., 457 U.S. at 432; Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003); Dubinka, 23 F.3d at 223; Kenneally, 967 F.2d at 331. All three prerequisites are satisfied in this case. As set forth above, Petitioner is currently incarcerated in the Fourth Avenue County Jail in Phoenix, Arizona, based on charges pending in the Maricopa County Superior Court. According to that court's docket, Petitioner's trial on the charges is set for January 25, 2012. (Records of Maricopa County Superior Courts.) Consequently, Plaintiff has not yet been tried in the Arizona state criminal proceedings, and even if he is convicted, the case may continue on in the state appellate courts. See Drury v. Cox, 457 F.2d 764, 765 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction . . . until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."). Further, Arizona has an undeniable interest in prosecuting state criminal laws free from federal interference. See Juidice v. Vail, 430 U.S. 327, 334, 97 S. Ct. 1211, 51 L. Ed. 2d 376 (1977). Finally, Petitioner will have an opportunity to adequately litigate his constitutional claims relating to the alleged illegal seizure of his DNA in the ongoing state

---

[5] Petitioner's constitutional claims can be heard by a state court. State trial courts generally have original jurisdiction of claims or causes arising under federal law. See Lockerty v. Phillips, 319 U.S. 182, 187, 63 S. Ct. 1019, 87 L. Ed. 1339 (1943). Congress may deny state courts jurisdiction of particular federal questions, but as a general rule, state and federal courts exercise concurrent jurisdiction over federal claims. Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 478, 101 S. Ct. 2870, 69 L. Ed. 2d 784 (1981).

criminal proceedings and on appeal from those proceedings. Middlesex County Ethics Comm., 457 U.S. at 435. Thus, abstention pursuant to Younger is appropriate.

Where Younger abstention applies, the Court must then determine whether and how to proceed. A district court must dismiss claims for injunctive or declaratory relief, and it should stay claims for monetary damages. Juidice, 430 U.S. at 337, 348 (Justice Stewart, dissenting); Gibson v. Berryhill, 411 U.S. 564, 577, 93 S. Ct. 1689, 36 L. Ed. 2d 488 (1973); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988). "[W]hen damages are sought and Younger principles apply, it makes sense for the federal court to refrain from exercising jurisdiction temporarily by staying its hand until such time as the state proceeding is no longer pending. . . . In this way, neither the federal plaintiff's right to seek damages for constitutional violations nor the state's interest in its own system is frustrated." Gilbertson, 381 F.3d at 981-82; see also Equity Lifestyles Props. v. County of San Luis Obispo, 548 F.3d 1184, 1196-97 & n.23 (9th Cir. 2008). Here, Petitioner seeks habeas relief, not damages.

Based on the foregoing, the Court finds that all three requirements for Younger abstention have been met and that no "extraordinary circumstances" exist warranting pre-conviction federal intervention. Thus, dismissal of the current Petition is warranted.

**B.    Habeas Corpus Petitions v. Civil Rights Actions.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment, and in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The habeas corpus petition is the proper action for State prisoners who challenge state court convictions, state court sentences, or other matters affecting the length of state

7

prison confinement. See 28 U.S.C. §§ 2241, 2254. "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Burnett v. Lampert, 432 F. 3d 996, 999 (9th Cir. 2005).

The Supreme Court has held that a federal court has the discretion to construe a mislabeled habeas corpus petition which seeks relief from the conditions of confinement as a civil rights action pursuant to 42 U.S.C. § 1983 and permit the action to proceed. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (per curiam) (holding that where a habeas corpus petition presents § 1983 claims challenging conditions of confinement, the petition should be construed as a civil rights action). However, the court should not convert a § 1983 action into a habeas petition, unless the intent to bring a habeas petition is clear. Trimble v. City of Santa Rosa, 49 F.3d 583, 585-86 (9th Cir. 1995). Moreover, a court should not consolidate a habeas petition with a civil rights action because of, inter alia, the inherent risk of confusion of issues. Malone v. Calderon, 165 F. 3d 1234, 1236-37 (9th Cir. 1963).

As discussed above, a habeas petition is brought to challenge the legality of a conviction or sentence, or the length of that sentence. See 28 U.S.C. §§ 2241, 2254; Preiser, 411 U.S. at 484. Since the charges against Petitioner in the Orange County Superior Court were dismissed and the Arizona charges are still pending, there is no conviction for Petitioner to challenge. As a result, although Petitioner has filed a habeas petition, it appears that his claims would be more appropriately brought by way of a civil rights action pursuant to § 1983. However, because some of his claims are barred by the abstention doctrine (see infra), the Court declines to exercise its discretion to convert the current Petition into a civil rights

complaint.[6]

## IV.

## ORDER

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice based on the Younger Abstention Doctrine, and Judgment shall enter accordingly.

DATED: AUG 30, 2011

HONORABLE ANDREW J. GUILFORD
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[6] The Supreme Court has held that, "in order to recover damages for an allegedly unlawful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under Heck, if a judgment in favor of a plaintiff on his civil rights damages claims necessarily will imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. See Heck, 512 U.S. at 487. The Ninth Circuit held that Heck also applies to a § 1983 claim for illegal search and seizure, and that such a § 1983 claim "alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned." Harvey v. Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000). Since Petitioner's criminal charges in the Orange County Superior Court have been dismissed, a claim for damages based on the alleged constitutional violations does not appear to be Heck-barred.

9